## STATEMENT OF OFFENSE

On August 29, 2025, at approximately 3:25 am, Metropolitan Police Department ("MPD") Officers Martin and Griffin were in a patrol vehicle and approached the 1800 block of 9th Street, N.W., Washington, D.C. The officers were wearing body cameras. The officers observed a dark-colored Toyota pickup truck ("Pickup") which was parked with no rear license plate on the public street. The officers also observed that a car door was open and that an individual appeared to be inside. As they passed the Pickup, officers further observed the Pickup was missing front license plates, and they did not observe any tags in the rear window. Officers stopped their car in front of the Pickup a few seconds later and observed that the door was now closed and that an individual, who was later identified as Christian Malik White ("Defendant White"), was leaning against the passenger side of the Pickup, talking to a female. Your affiant is aware that it is unlawful to park a car on s public street without license plate tags, and that the MPD officers believed, based on their prior training and experience, that the car may have been stolen.

MPD Officer Martin approached Defendant White and asked him if it was his truck. Defendant White initially denied it was his truck but then handed a set of car keys to another officer. As Officer Martin continued to talk to Defendant White, he indicated he had just got to the location to meet the female, and again denied it was his car. As Defendant White was talking with Officer Martin, MPD Officer Griffin attempted to locate the vehicle identification number (VIN) of the unidentified vehicle from the front windshield of the Pickup, but was unable to view the number. Officer Griffin observed that the front car door was open, and he opened the driver's side door in order to obtain the VIN. The officers ran the VIN through the Washington Area Law Enforcement System which confirmed that the Pickup had been recently stolen from Prince George's County, Maryland on or about August 15, 2025. Defendant White again claimed the car did not belong to him, and that the keys he provided were for another car. Defendant White was placed under arrest for receiving stolen property based on what was his recent entry and possession of the stolen Pickup.

Officers observed a surveillance camera in the vicinity of the Pickup and contacted the MPD Criminal Research Specialist to request a review the surveillance footage. Officer Martin stated that a short time later the Criminal Research Specialist informed him that an individual who matched the same height, weight, race and clothing description as Defendant White was seen on the video driving the Pickup and was also seen parking the Pickup, getting out of the Pickup, and then getting back in the Pickup. In a search incident to arrest, keys to the Pickup were located on Defendant White's person. Officers further contacted the true owner of the Pickup who confirmed he was in possession of the title of the vehicle, and that he did not provide anyone with permission to drive or occupy his vehicle.

The Pickup was further searched incident to the arrest for additional evidence of criminal activity, and a backpack was located in the back seat of the truck. The backpack contained a 9mm Glock handgun, and a prescription pill bottle with Defendant White's name on it. The backpack also contained Department of Motor Vehicle documents and correspondence in Defendant White's name. A wallet with Defendant White's license was also recovered in the storage area located by the driver's side door. A backpack was also located in the front passenger side of the truck. A search of the backpack revealed a high-capacity, 9mm magazine (24 round capacity) and a

pharmacy receipt with Defendant White's name on it. The magazine contained 24 rounds of 9mm ammunition. The Glock firearm recovered is a weapon that is designed to or may readily be converted to expel a projectile by the action of an explosive. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate or foreign commerce before it arrived in the District of Columbia. The firearm was also report lost from a resident in the District of Columbia in February 2025.

  A review of the Defendant's criminal history revealed that, at the time of this offense, the Defendant had been previously convicted of crimes punishable by a term of imprisonment of greater than one year. Specifically, has been previously convicted of False Statements to a Federal Firearms Licensee, in violation of 18 U.S.C. § 924(a)(1)(A) in the Eastern District of Virginia from August 2019 (case 19-cr-157), Possession of a Firearm by a Felon in Arlington, Virginia from 2021 (CCN 013CR2000082300) and Distribution of a Controlled Substance from Charles County Maryland from 2022 (case C-08-CR-18-000983). Accordingly, at the time the Defendant possessed the firearm in this case, he knew he had previously been convicted of a crime punishable by a term of imprisonment of more than one year.

  As such, your affiant submits that probable cause exists to charge Christian Malik White with a violation of 18 U.S.C. § 922(g)(1), which makes it a crime for a convicted felon to possess a firearm and ammunition.

Respectfully submitted

_____
Special Agent Ryan A. McGowan
Bureau of Alcohol, Tobacco and Firearms

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 29, 2025.

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE