UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 25-mj-191 |
| | : | |
| v. | : | Detention Hearing: September 3, 2025 |
| | : | |
| CHRISTIAN MALIK WHITE | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by undersigned counsel, hereby submits this Memorandum in Support of its Motion for Pretrial Detention of Defendant Christian Malik White pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (offense involving possession of a firearm), (f)(2)(A) (serious risk of flight), and 3142(d)(1)(A)(iii) (defendant on probation in Maryland). In support of this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter. The United States also asks this Court to incorporate the facts described in the Affidavit in Support of the Arrest Warrant in this matter, which was originally filed under seal (ECF No. 1 or "Complaint"). As discussed herein, the defendant remains a danger to the community and is an extreme flight risk and as such as such detention is required pursuant to 18 U.S.C. § 3142(b). Further, the defendant is an extreme flight risk whose word cannot be trusted.

**BACKGROUND AND STATEMENT OF FACTS**

The defendant is a three-time felon who was in possession of a recently stolen car which contained a 9mm Glock handgun and a loaded extended magazine with 24 rounds of 9mm ammunition. The defendant is also on probation in the Circuit Court for Charles County Maryland and has 18 years of backup time. The defendant has also previously been convicted of three prior felonies, including a felon in possession of a firearm in Virginia, and a federal firearm offense, *see*

1

*United Staes v. Christian White*, 19-cr-157 (E.D. VA) (False Statements to a Federal Firearms Licensee) ("2019 Federal Case").

As discussed in greater detail in the Complaint, the evidence in this case is strong. The defendant was seen leaning on the stolen car, had possession of the key to the car, and had personal identifying material in both backpacks in the car which contained the gun and the extended magazine clip with 24 rounds of ammunition.[1] The defendant also appears to be have been caught on video camera driving the stolen car just prior to his contact with law enforcement officers. As the Court is aware, the combination of stolen cars and firearms can be incredibly dangerous, and the possession of the extended magazine clip indicates the defendant had reason to believe he believed that if he needed to use the gun, he would need to fire it more than 20 times without reloading.

The facts also indicate that the defendant was not truthful to law enforcement during his encounter with them before his arrest. He falsely denied having anything to do with the car and was later found to have possession of the key on his person (and material in the car with his name an identifying information).

On August 29, 2025, this Court approved a Complaint charging the defendant with violations of 18 U.S.C. § 922(g). The defendant faces a maximum sentence of fifteen years' incarceration under 18 U.S.C. § 924(a)(8), with a preliminary guideline estimate of 51-63 months' incarceration.[2]

Procedural Background

---

[1] Possession of large capacity feeding devices, which are defined as devices with a capacity of greater than 10 rounds of ammunition, is a felony offense in the District of Columbia, punishable by up to three years' incarceration. *See* 7 D.C. Code §§ 2506.01(b) and 2507.06(a)(4).

[2] Based on application of U.S. Sentencing Gudelines §2k2.1(a)(3), and a criminal history category III.

The defendant was arrested and presented before this Court on August 29, 2025, where the government sought and obtained pre-trial detention under 18 U.S.C. §§ 3142(f)(1)(E) (offense involving possession of a firearm), (f)(2)(A) (serious risk of flight), and 3142(d)(1)(A)(iii) (defendant on probation in Maryland). The detention hearing is scheduled for September 2, 2025.

## Additional Facts and Information

In addition to the information provided in the Affidavit in Support of the Arrest Warrant, the government wishes to proffer and provides the following additional information regarding the defendant:

(1) In the defendant's 2019 Federal Case, he was detained as a serious flight risk. He later admitted to making approximately 40 straw purchases of firearms in Virginia for resale to persons in Maryland and the District of Columbia. *See* Attachment A (defendant's statement of offense in plea in 2019 Federal Case).

(2) In the defendant's Maryland case involving the distribution of a controlled substance, the Court issued multiple bench warrants in that case, and it appears the defendant has 18 years of incarceration pending over him on probation.

(3) Since at least December 2018, the defendant has been under Court supervision, either incarcerated, or on pre-trial release/probation. The defendant had his supervised released revoked in the 2019 Federal case in November 2020. In sum, it appears the defendant has been incarcerated for almost 80% of the last six years.

## APPLICABLE LAW

A defendant must be detained pending trial, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). For a detention decision

based upon a defendant's dangerousness, the government must prove by clear and convincing evidence that there are no conditions or combinations of conditions that will assure the safety of the community. *See United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996). For a detention decision based upon risk of flight, the government only need prove by a preponderance of the evidence that there are no conditions or combinations of conditions that will assure the defendant's appearance as required. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996) ("[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a 'preponderance of the evidence.'"); *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986) ("The standard of proof applicable to other kinds of pretrial proceedings is the preponderance of the evidence and we find that to be the appropriate burden for establishing risk of flight."). At a detention hearing, the government may present evidence by way of a proffer. *Smith*, 79 F.3d at 1209-10.

In considering whether there are conditions of release that will reasonably assure the safety of any other person and the community and the appearance of the defendant as required, the Court should consider and weigh the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). As set forth more fully below, these factors all weigh in favor of detaining the defendant.

## ARGUMENT

**I.   The Defendant Should Be Detained Pending Trial Because He Poses a Substantial Risk of Flight and Danger to the Community**

Given the defendant's history, his use of a stolen car and possession of firearm, extended magazine and more than 24 rounds of ammunition are very troubling and support detention as a

danger to the community and a significant flight risk.

### A. The Nature and Circumstances of the Offense

The nature and circumstances of the offense weigh strongly in favor of detention. Firearms and ammunition are inherently dangerous, and particularly so when tied to ongoing felony activity. The defendant clearly knows he can't possess a firearm or ammunition (he has both a prior felon in possession and federal firearm convictions), and his possession of the handgun with an extended clip while committing another felony, driving a stolen car, while on probation, shows that he will remain a danger to the community unless he is detained. The defendant's possession of the extended magazine with 24 rounds of ammunition is particularly concerning given that the defendant's need for such firepower indicates he is involved in highly dangerous criminal activity. The defendant's conduct also suggest that he may again be involved in the business of unlawfully selling weapons and ammunition to persons in the District of Columbia that was the subject of 2019 Federal Case. The defendant's ongoing criminal activity while armed with a firearm is not just dangerous to himself: it causes a substantial risk of danger to law enforcement and to persons around him.

The defendant's false statements to law enforcement underline that the Court cannot take the defendant at his word: he lied to officers about the vehicle on the night of the incident, and his history shows similar unreliability. In his prior criminal cases he has incurred multiple arrest warrants, and he lied to a federal firearms dealer in the 2019 Federal Case. Accordingly, the nature and circumstances of the offenses charged weigh heavily in favor of detention.

### B. The Defendant's Risk of Flight.

The level of the defendant's criminal exposure in this case creates a significant incentive for the defendant to flee. *See, e.g.*, *United States v. Anderson*, 382 F. Supp. 2d 13, 15 (D.D.C.

2005) (citing "maximum penalty of 23 years" in support of detention). Here the defendant is facing fifteen years' incarceration as a maximum (and 4-5 year, incarceration only guideline for the firearms offense alone), and he is facing over 18 years of back up time in Maryland. Together, these factors indicate the defendant has a substantial incentive to evade prosecution, and to flee the jurisdiction.

### B. The Weight of the Evidence Against the Defendant

The volume of evidence against the defendant is very strong. The defendant had the key to the stolen car on his person, and the car had no tags. The car was littered with the defendant's personal material, and the gun and extended clip with ammunition were found in backpacks that each contained indicia of the defendant's control and ownership of each bag. The firearm was also reported lost just weeks before. The weight of evidence against the defendant therefore counsels strongly in favor of detention.

### C. The History and Characteristics of the Defendant

The history and characteristics of the defendant significantly favor detention. The PSA report confirms the defendant's prior felony convictions, and that the defendant remains on probation to Maryland. The defendant's claims of residency in the District of Columbia should be taken with suspicion: the address provided by the defendant is the headquarters for a homeless organization, not a residence. At present, the defense has not indicated a stable residence for the defendant, or any third-party custodian. The government also observes that it appears the defendant had a significant amount of other property and paperwork in his car, and that he may have been living in or out of the stolen vehicle.

Given these countervailing factors, there are no conditions of release under 18 U.S.C. § 3142(g), that will reasonably assure the defendant's appearance.

**D.     The Nature and Seriousness of the Danger to any Person or the Community Posed by the Person's Release**

Should he be released, the defendant poses a continuing danger to the community. The defendant has multiple prior felony convictions, including related to gun and narcotics dealing. He has now moved into dealing with stolen cars while armed with significant firepower. He further committed these criminal offenses despite being on probation with more than 18 years of backup time. There appears little that can stem the defendant's criminality at this time except detention.

The legislative history of the Bail Reform Act of 1984 makes clear that Congress intended that the "safety of any other person or the community" language in 18 U.S.C. § 3142 was expected to be given a broad construction. *See* S. Rep. No. 225, 98th Cong., 1st Sess. 12 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3195 ("The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. *The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence.*") (emphasis added). Courts have appropriately construed the statute to find that protection of the community from harm is a valid objective of bail conditions. *See, e.g., United States v. Madoff*, 586 F. Supp. 2d 240, 252 (S.D.N.Y. 2009) (noting support for considering harm in evaluating danger to the community under § 3142 or the Bail Reform Act); *United States v. Schenberger,* 498 F. Supp. 2d 738, 742 (D.N.J. 2007) (holding that "[a] danger to the community does not only include physical harm or violent behavior" and citing the Senate Committee Report language reproduced above); *United States v. LeClercq,* No. 07-80050-cr, 2007 WL 4365601, at *4 (S.D. Fla. Dec. 13, 2007); *United States v. Gentry,* 455 F. Supp. 2d 1018, 1032 (D. Ariz. 2006) (in a fraud and money laundering case, in determining

whether pretrial detention was appropriate, the court held that danger to the community under Section 3142(g) "may be assessed in terms other than the use of force or violence . . . [including] economic danger to the community"); *United States v. Giordano*, 370 F. Supp. 2d 1256, 1270 (S.D. Fla. 2005) ("There can be no question that an economic danger . . . falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act."). The defendant's conduct involving firearms while driving stolen cars indicates he is connected with persons who can readily obtain both: it is similarly likely his access to those persons and those criminal activities would persist if he was released.

## CONCLUSION

For the reasons stated above, the government respectfully submits, by clear and convincing evidence, that there are no conditions or combinations of conditions that will assure the safety of the community. Further, a preponderance of the evidence establishes the defendant is a serious risk of flight, and no conditions or combinations of conditions will assure his appearance in Court. Accordingly, the government respectfully requests this Court grant the government's motion to detain the defendant pending trial in this case.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney for the District of Columbia

Date: September 2, 2025

By: /s/ Tejpal Chawla
TEJPAL S. CHAWLA
D.C. Bar Number 464012
Assistant United States Attorney
National Security Section
601 D Street NW
Washington, D.C. 20530
202-252-7280
Tejpal.Chawla@usdoj.gov